## WILLIAM R. COX vs. CHAMPION EASTER.

*Error from the Commissioners Court of Limestone County.*

The authority granted to the Court of Commissioners of Roads and Re venue, to establish ferries, must be exercised with reference to public benefit and private injury.

The Court has no authority to decide that the title to the land on which a ferry is sought to be established, is illegal.

The bill of exceptions sealed in this cause, relates that Easter and Cox applied on the same day to the Judge and commissioners of Limestone county, for a license to establish a ferry over Elk river, at a place called Jones's ferry. It

was in evidence that Cox had entered the land embracing one of the banks of the river, at the point where it was proposed to establish said ferry, and where the public road crossed the same. It also appeared that the land entered by Cox, had been relinquished by Easter, and that the register of the land office had permitted Cox to enter the same by a line of division running from the eastern boundary of the said land, west, to said river. That the effect of this division was to include the bank of the river crossed by the road as aforesaid. The commissioners' court, believing this division to have been illegal on the part of the register, granted the right of the ferry to the defendant in error, to which determination the plaintiff excepted, and now prays a reversal in this court, on the ground that it was illegal and void.

HOPKINS, for Plaintiff—*Aikin's Dig.* 363, *sec.* 27.

P. MARTIN, *contra.*

By Mr. Justice THORNTON:

The parties in this cause both applied at the same time to the court of commissioners of roads and revenue for Limestone county, for an order to establish a ferry at the same place on Elk river. The order was made in favor of the defendant in error, and refused to the plaintiff; whereupon, the latter took a writ of error to this court.

The legislation upon the subject of establishing ferries, is exceedingly meagre; but it is apparent that great latitude of discretion is allowed in the matter to the commissioners court. If that discretion had been exercised in this case, and from a consideration of all the circumstances proper to be weighed, the court had determined that the license to the defendant in error, would produce the most public benefit, and the least private injury; a different question from the one now before us, would have been presented. In this record, the idea is expressly negatived, that any consideration was

had of those circumstances, relative to public benefit and private injury, on which the statute evidently contemplates that the adjustment of any such question as may arise upon it, is to rest. The court below decided, that the certificate of the register of the land office, held by Cox, was illegally granted, so as to include the eastern bank of the river at the point where it was proposed to establish the ferry ; and on this supposed defect of Cox's title, is expressly rested the determination of the question. Now it is clear, that the title thus acquired and held, is good at least against all the world except the general government.

The decision of the court below, being evidently founded upon an erroneous supposition, must be reversed, and the matter remanded.